UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

                    Plaintiffs,

            -against-                                    **COMPLAINT**

LE PERIGORD, INC. d/b/a LE PERIGORD
RESTAURANT,

                    Defendant.

Plaintiffs, by their attorneys, David C. Sapp, Esq. and Jennifer Oh, Esq., for their

Complaint complaining of Defendants Le Perigord, Inc. d/b/a Le Perigord Restaurant and John

Does 1–10 (all other trades or businesses under common control with Le Perigord, Inc. d/b/a Le

Perigord Restaurant), respectfully allege as follows:

## NATURE OF THE ACTION

1.   This is an action by plan fiduciaries and an employee benefit fund to compel an

employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the

Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension

Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor

Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), and Sections

502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g)

and 1451(a), (b) and (c).

## VENUE

3.  As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4.  Plaintiff National Retirement Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.  The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

2

6.      Plaintiff Trustees of the Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and disposition of Fund assets.  As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.      Upon information and belief, Defendant Le Perigord, Inc. d/b/a Le Perigord Restaurant (hereinafter, "Le Perigord") is a New York corporation having or having had its principal place of business at 405 East 52nd Street, New York, New York 10022.

8.      Upon information and belief, at all relevant times, Defendant Le Perigord was a party, directly or indirectly, to a collective bargaining agreement with  UNITE HERE Local 100, or an affiliate thereof ("the Union").   Upon information and belief, pursuant to said collective bargaining agreement, Defendant Le Perigord was obligated to make contributions and made certain of such contributions to the Fund on behalf of certain of its employees.  As such, Defendant Le Perigord is an "employer," within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9.      Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Defendant Le Perigord) are "trades or businesses under common control" with Defendant Le Perigord pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414 (c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM FOR WITHDRAWAL
## LIABILITY AGAINST DEFENDANT LE PERIGORD, INC.

10.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint as if recited at length herein.

11.     Upon information and belief on or about August 31, 2015, Defendant Le Perigord permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12.     As a result of its complete withdrawal from the Plan, Defendant Le Perigord became liable to the Fund for withdrawal liability in the estimated principal amount of $1,757,369.00, pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

13.     After determining the amount of the withdrawal liability owing to the Fund by Defendant Le Perigord, on or about April 29, 2016, the Fund notified Defendant Le Perigord that its estimated amount of withdrawal liability was $1,757,369.00 and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).  A true copy of the April 29, 2016 Notice and Demand is annexed hereto as Exhibit "A."

14.     Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), and as provided in the Notice and Demand, Defendant Le Perigord was required to make eighty (80) quarterly withdrawal liability installment payments in the amount of $15,844.64 each.  The first such quarterly payment was due on or before June 1, 2016.

4

15.     Defendant Le Perigord did not request review of the Fund's withdrawal liability assessment pursuant to Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

16.     Defendant Le Perigord has never initiated arbitration of the assessment of its withdrawal liability pursuant to Section 4221 of ERISA, 29 U.S.C. § 1401, and the time to seek arbitration under ERISA has expired.

17.     By letter dated June 3, 2016 to Defendant Le Perigord, the Fund notified Defendant Le Perigord that it had failed to make the first quarterly withdrawal liability payment when due under the Notice and Demand and that, if such failure was not cured within sixty (60) days, Defendant Le Perigord would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5) ("Notice of Overdue Payment").  A true copy of the June 3, 2016 Notice of Overdue Payment is annexed hereto as Exhibit "B."

18.     Upon information and belief, more than sixty (60) days have elapsed since Defendant Le Perigord received the Notice of Overdue Payment referenced in paragraph "17," and Defendant Le Perigord has failed to make any withdrawal liability payments whatsoever.

19.     Defendant Le Perigord has not made any quarterly payments in satisfaction of the withdrawal liability.

20.     By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Fund's Notice of Overdue Payment referenced in paragraphs  "17" and "18,"  Defendant Le Perigord  is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of the balance of Defendant Le Perigord's withdrawal liability due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of

5

the first missed quarterly liability payment, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

21.    Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant Le Perigord calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

22.    Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Le Perigord calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

**AS AND FOR A SECOND CLAIM FOR WITHDRAWAL LIABILITY AGAINST DEFENDANTS JOHN DOES 1 – 10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT LE PERIGORD, INC.)**

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" of this Complaint as if recited at length herein.

24.    Upon information and belief, Defendant Le Perigord and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Defendant Le Perigord and Defendants John Does 1-10.

25.    Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Defendants Le Perigord and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability.  For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of Defendant Le Perigord's withdrawal liability, interest, liquidated

damages, and attorneys' fees and costs referenced in paragraphs "12," "13," "14," "17," "18," "20," "21," and "22" herein.

26.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

27.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

28.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint as if recited at length herein.

29.     Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

30.     The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, plaintiffs respectfully request that this Court enter an order and judgment:

a.      Directing Defendants be held jointly and severally liable to the National Retirement Fund for withdrawal liability in the principal amount of $1,757,369.00; and

b.      Directing Defendants be held jointly and severally liable to the National Retirement Fund for prejudgment interest on the withdrawal liability set forth in paragraph "(a)" herein from the date of the first missed withdrawal liability payment, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the National Retirement Fund's Plan documents; and

c.      Directing Defendants be held jointly and severally liable to the National Retirement Fund for liquidated damages on the withdrawal liability pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b) and the National Retirement Fund's Plan documents; and

d.      Directing Defendants be held jointly and severally liable to the National Retirement Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

e.      Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

f.     Granting such other and further relief to Plaintiffs as the Court deems appropriate.

Dated:  September 2, 2016
        White Plains, New York

**TRUSTEES OF THE NATIONAL
RETIREMENT FUND, Plaintiffs**

By: _____
        David C. Sapp (DS5781)
        Jennifer Oh (JO1201)

*Attorneys for Plaintiffs*

Alicare, Inc. - Fund Administrators
333 Westchester Avenue,
North Building – First Floor
White Plains, New York 10604
(914) 367-5576 (telephone)
dsapp@amalgamatedlife.com

**EXHIBIT A**

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302
Lincoln, RI 02865-1112

Phone: 401.334.4155
Fax: 401.334.5133

April 29, 2016

Mr. Christopher Briguet
Le Perigord Restaurant, Inc.
405 E 52nd Street
New York, NY 10022-6401

RE: LE PERIGORD RESTAURANT, INC. – ER#530373

Dear Mr. Briguet:

The Board of Trustees of the National Retirement Fund (the "Fund") determined that Le Perigord Restaurant, Inc., ER#530373 (hereinafter the "Employer") incurred a complete withdrawal from the Fund as of August 31st, 2015. Accordingly, the Employer is liable to the Fund for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

This letter supplies a notice of the Employer's liability resulting from a withdrawal from the National Retirement Fund. The Fund reserves the right to revise this assessment at any time due to new information that may alter the Employer's liability.

Attached is a copy of how the withdrawal liability was determined. ERISA provides that the amount of the withdrawal liability is to be paid in equal quarterly installments over the number of years necessary to amortize the amount of the liability in level annual payments calculated in accordance with Section 4219(c)(i)(1).

The estimated amount of withdrawal liability allocable to the Employer is $1,757,369.00 payable in eighty (80) quarterly installments of $15,844.64. Installments should be remitted to this office and made payable to the "National Retirement Fund." The first installment is due by June 1st, 2016.

Please feel free to contact the Fund with any questions.

Very truly yours,

RICHARD N. RUST
Fund Manager

Encl:

Cc:    Ronald E Richman, Esquire
       Frank Sabatini, Esquire
       David Sapp, Esquire
       Jonathan Feldman
       Robert V Ferrari, Esquire

RNR/mb

CERTIFIED MAIL/RETURN RECEIPT REQUESTED & REGULAR MAIL

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865       Phone 401-334-4155 • Fax 401-334-5133

April 22, 2016

**2015 Estimated Withdrawal Liability**
**Le Perigord Restaurant**
**Former HEREIU Employer Worksheet**

Employer Numbers:    530373

**A.**   Remaining Allocable Portion of 2007 Pool (HEREIU Sub-Pool)

|   |   |   |   |
|---|---|---|---|
| 1. December 31, 2007 amount | $ | 708,955.31 |
| 2. Portion remaining as of 12/31/2014 = 65% times A.1 | $ | 460,821.00 |

**B.**   Remaining Allocable Portion of 2008 Pool

|   |   |   |
|---|---|---|
| 1. Total retirement contributions payable by your firm during plan years 2004 - 2008 | $ | 233,479.00 |
| 2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2008 | $ | 462,442,162.00 |
| 3. which quotient | | .00050488 |
| 4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2008 for all employers not withdrawn as of 12/31/2008 | $ | 926,815,395.00 |
| 5. Totaling | $ | 467,930.56 |
| 6. Portion remaining as of 12/31/2014 = 70% times B.5 | $ | 327,551.00 |

**C.**   Remaining Allocable Portion of 2009 Pool

|   |   |   |
|---|---|---|
| 1. Total retirement contributions payable by your firm during plan years 2005 - 2009 | $ | 212,689.50 |
| 2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2009 | $ | 501,379,595.00 |
| 3. which quotient | | .00042421 |
| 4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2009 for all employers not withdrawn as of 12/31/2009 | $ | 36,005,935.00 |
| 5. Totaling | $ | 15,274.08 |
| 6. Portion remaining as of 12/31/2014 = 75% times C.5 | $ | 11,456.00 |

**D. Allocable Portion of 2014 Pool**

1. Total retirement contributions payable by your firm during plan years 2010 - 2014 ........................... $     175,532.12

2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2014 ..................... $     599,662,168.00

3. which quotient ........................................................................................................................... .00029272

4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2014 for all employers not withdrawn as of 12/31/2014 ......................................... $     3,260,809,651.00

5. Totaling ...................................................................................................................................... $     954,504.00

**E. Proportional Share of the unamortized amount of Affected Benefits for plan year ending 12/31/2014**

1. Total retirement contributions payable by your firm during plan years 2010 - 2014 ........................... $     175,532.12

2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2014 ..................... $     599,662,168.00

3. which quotient ........................................................................................................................... .00029272

4. was multiplied by the unamortized amount of Affected Benefits [reduction of adjustable benefits during 2011] ................................................................................ $     10,376,259.00

5. Totaling ...................................................................................................................................... $     3,037.00

**F. Allocable Share:**

1. [A2 + B6 + C8 + D5 + E5] ......................................................................................................... $     1,757,369.00

2. *De minimis* reduction .............................................................................................................. $     -

3. 2015 Withdrawal Liability .......................................................................................................... $     1,757,369.00

**Employer Contributions.**

| Year | Amount |
|------|--------|
| 2004 | 55,141.00 |
| 2005 | 55,293.00 |
| 2006 | 48,085.00 |
| 2007 | 44,116.00 |
| 2008 | 32,844.00 |
| 2009 | 34,351.50 |
| 2010 | 30,752.25 |
| 2011 | 35,639.25 |
| 2012 | 41,686.87 |
| 2013 | 32,163.00 |
| 2014 | 35,290.75 |

# HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

Withdrawal liability for:
**LE PERIGORD INC.**

| | | Initial Liability | Calc for 501 funds<br>Rolling 5-Method | Sum for 505 funds<br>(see second sheet) |
|---|---|---|---|---|
| Employer # | 530373 | | | |
| Initial Method | AL | | 1989 | $0.00 |
| Old Fund # | 505 | | 1990 | $0.00 |
| | | | 1991 | $0.00 |
| | | | 1992 | $0.00 |
| | | | 1993 | $0.00 |

|  |  |
|---|---|
| Sum of contributions | $43,172,532.00 |
| All Remaining Em'Cont | $51,364,800.00 |
| UVB at merger | $0.00 |
| Employer's Share | $159,532.16 |
| 1st yr attributable UVB | $76,858,054.00 |
| Adjusted UVB | $39,494,046.00 |
| Employer's Share | $79,777.97 |

Joined after 1993: N

| Year Dec. 31 | Employer Contributions Payable | (1) Employer 5-year sum of contributions | (2) All Employers 5-year sum of contributions | (3) Pre-86 Employers 5-year sum of contributions* | (4) All Employers Unamortized Portion | (5) Pre-86 Employers Unamortized Portion | (6) All Employers Reallocated uncollectible amounts | (7) Pre-86 Employers Reallocated uncollectible amounts | (8) Allocated = (1)/(2) x ((4) + (6)) + (1)/(3) x ((5) + (7)) |
|---|---|---|---|---|---|---|---|---|---|
| 1991 | $8,432.00 | | | | | | | | |
| 1992 | $8,921.00 | | | | | | | | |
| 1993 | $18,244.00 | | | | | | | | |
| 1994 | $20,123.00 | | | | | | | | |
| 1995 | $20,308.00 | $74,028 | $52,441,426 | $52,384,784 | ($9,496,151) | $6,103,135 | $0 | $125,348 | ($4,607.41) |
| 1996 | $23,688.00 | $89,284 | $55,529,354 | $54,253,073 | ($8,186,927) | $3,903,890 | $0 | $191,547 | ($3,203.40) |
| 1997 | $28,251.00 | $109,614 | $80,258,877 | $57,631,566 | ($37,215,485) | $6,667,245 | $0 | $1,201,348 | ($5,653.00) |
| 1998 | $29,319.00 | $119,889 | $88,109,977 | $82,552,707 | ($68,664,409) | $6,949,043 | $0 | $967,498 | $3,391.23 |
| 1999 | $34,252.00 | $131,826 | $133,638,041 | $85,774,969 | ($84,402,016) | $8,871,017 | $0 | $1,535,938 | $8,808.13 |
| 2000 | $40,582.00 | $154,102 | $94,102,944 | $94,131,928 | $103,788,798 | $24,519,514 | $0 | $1,380,973 | $49,907.37 |
| 2001 | $44,729.00 | $175,143 | $106,435,673 | $99,434,437 | $20,949,863 | $20,349,863 | $0 | $376.52 | $61,554.49 |
| 2002 | $46,372.00 | $195,284 | $125,574,265 | $105,316,957 | $41,296,483 | $41,296,483 | $0 | $1,463,316 | $99,734.90 |
| 2003 | $54,968.00 | $220,913 | $139,418,139 | $116,918,282 | ($6,647,528) | $17,340,510 | $0 | $1,439,046 | $32,550.63 |
| 2004 | $55,141.00 | $241,792 | $156,199,948 | $131,274,271 | ($513,735) | $21,291,976 | $0 | $1,635,957 | $44,746.65 |
| 2005 | $55,283.00 | $256,503 | $161,383,484 | $133,176,139 | $13,963,760 | $22,878,697 | $0 | $731,870 | $68,356.86 |
| 2006 | $46,085.00 | $257,659 | $175,033,412 | $140,685,533 | $73,906,337 | $23,182,352 | $0 | $3,917,933 | $183,406.55 |
| 2007 | $44,116.00 | $255,603 | $203,712,499 | $156,603,198 | $14,806,872 | $26,000,268 | $5,943,413 | $10,289,332 | $97,882.63 |
| | | | | | | $34,334,751 | | | $825,190.76 |

* Excludes contributions for those who withdrew in prior years.

|  |  |  |  |
|---|---|---|---|
| Pre-1996 Liability: | Liability Allocated $239,310 | Years since 1996: 13 | Pct Amortized 65% |

Allocated $83,758.55

$708,966.51

Allocated $708,966.51

**CHEIRON**

page 320

**LE PERIGORD INC.**
Pre-Merger computations for 668 plans

| | 667 (1) | 668 (4) | 609 | 505 | 511 | 626 (3) | 628 (1) | 641 (1) | 643 (2) | 640 (1) | 668 |
|---|---|---|---|---|---|---|---|---|---|---|---|

**ROLLING 8 FUNDS — Contributions Column**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1982 | $0 | $0 | $0 | $0 | $0 | $364 | $0 | $0 | $0 | $0 | $0 |
| 1983 | $0 | $0 | $0 | $0 | $0 | $364 | $0 | $0 | $7,035 | $0 | $0 |
| 1984 | $0 | $0 | $0 | $0 | $0 | $355 | $0 | $0 | $7,328 | $0 | $0 |
| 1985 | $0 | $0 | $0 | $0 | $0 | $429 | $0 | $0 | $7,164 | $0 | $0 |
| 1986 | $0 | $0 | $0 | $0 | $0 | $560 | $0 | $0 | $9,226 | $0 | $0 |
| Sum of contributions | $0 | $0 | $0 | $0 | $0 | $2,102 | $0 | $0 | $28,341 | $0 | $0 |
| All Remaining ErY Cont | $1,855,940 | $540,091 | | $1,795,776 | $722,957 | $1,074,657 | $182,790 | | $5,796,925 | $1,582,834 | $425,766 |
| Adjusted UVB at merger | $4,048,819 | $1,860,871 | | ($3,814,826) | ($2,639,545) | $10,751,566 | $624,060 | | $2,929,559 | $2,963,825 | ($861,nbl.) |
| Employer's Share | $0 | $0 | | $0 | $0 | $21,073 | $0 | | $14,367 | $0 | $0 |
| Interest to 12/31/93 | $0 | $0 | | $0 | $0 | $34,560 | $0 | | $23,818 | $0 | $0 |
| Amortization payments | $0 | $0 | | $0 | $0 | $21,634 | $0 | | $14,730 | $0 | $0 |
| Pre-Merger Liability | $0 | $0 | | $0 | $0 | $13,326 | $0 | | $9,078 | $0 | $0 |

**PRESUMPTIVE FUNDS — Contributions Column** (648)

| Contributions | 640 (4) | Rolling 8 | All Continuing Ers | Unamortized UVB | Allocated | Contributions | 642 (1) | Rolling 8 | All Continuing Ers | Unamortized UVB | Allocated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1975 | $0 | $0 | $7,124,082 | $1,398,680 | $0.00 | 1975 | $0 | $0 | $835,306 | ($176,169) | $0.00 |
| 1976 | $0 | $0 | $7,103,788 | ($39,313) | $0.00 | 1976 | $0 | $0 | $760,802 | ($172,771) | $0.00 |
| 1977 | $0 | $0 | $7,165,269 | ($316,772) | $0.00 | 1977 | $0 | $0 | $700,154 | ($387,325) | $0.00 |
| 1978 | $0 | $0 | $7,180,330 | ($2,248,447) | $0.00 | 1978 | $0 | $0 | $673,530 | ($377,413) | $0.00 |
| 1979 | $0 | $0 | $7,046,455 | ($1,131,107) | ($646,333) | 1979 | $0 | $0 | $627,639 | ($312,430) | $0.00 |
| 1980 | $0 | $5,297 | $6,826,703 | $137,077 | $267.20 | 1980 | $0 | $0 | $585,732 | ($87,478) | $0.00 |
| 1981 | $0 | $13,329 | $6,498,268 | ($3,100,210) | ($511,005.75) | 1981 | $0 | $0 | $582,097 | ($841,881) | $0.00 |
| 1982 | $15,297 | $23,905 | $6,119,041 | ($1,448,249) | ($2,538,86) | 1982 | $0 | $0 | $564,655 | $316,178 | $0.00 |
| 1983 | $15,032 | $31,631 | | | | 1983 | $0 | $0 | | | |
| 1984 | $9,750 | | | | | 1984 | $0 | $0 | | | |
| 1985 | $8,728 | | | | | 1985 | $0 | $0 | | | |
| 1986 | | | | | | 1986 | $0 | $0 | | | |

**648 Plan**

| | Contributions | Rolling 8 | All Continuing Ers | Adjusted UVB | Allocated |
|---|---|---|---|---|---|
| 1989 | $11,319 | | | | |
| 1990 | $10,458 | | | | |
| 1991 | $9,432 | | | | |
| 1992 | $8,821 | | | | |
| 1993 | $18,244 | $55,324 | $9,277,323 | $25,377,982 | $151,252.77 |

Pre-Merger computations for 668 plans $160,532

$0.00

CITRON

page 221

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865          Phone: 401-334-4155 • Fax 401-334-5133

April 22, 2016

**Development of Quarterly Payment**
**Le Perigord Restaurant**

Employer Numbers:  530373

| Year | Contribution Base Units | Consecutive Three Year Average |
|------|------------------------|-------------------------------|
| 2005 | 25,520.00 | |
| 2006 | 26,784.00 | |
| 2007 | 22,960.00 | 25,088.00 |
| 2008 | 20,480.00 | 23,408.00 |
| 2009 | 20,720.00 | 21,386.67 |
| 2010 | 17,996.00 | 19,732.00 |
| 2011 | 20,500.00 | 19,738.67 |
| 2012 | 21,200.00 | 19,898.67 |
| 2013 | 14,400.00 | 18,700.00 |
| 2014 | 14,440.00 | 16,680.00 |

1.)  Maximum Consecutive 3-Year Contribution Base Units Average for ten
      years before year in which withdrawal occurs                                                25,088.00

2.)  Maximum Contribution Rate for previous ten years including year in which
      withdrawal occurs [1,2]                                                                          2.52625

3.)  Required Annual Payment: (1) x (2)                                                          $63,378.56

4.)  Quarterly Payment: Required Annual Payment / 4                                       $15,844.64

Notes:

1 Contribution rate excludes rehabilitation plan contribution rate increases occuring after December 31, 2014, per the
  Multiemployer Pension Reform Act of 2014.

2 Hourly rate is equivalent to weekly rate of $101.05.

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865          Phone: 401-334-4155 • Fax 401-334-5133

April 22, 2016

**Estimated Amortization Schedule**

EMPLOYER:          Le Perigord Restaurant

|  | | AMORTIZATION SCHEDULE | | |
|---|---|---|---|---|
| | WDL AMOUNT | $ 1,757,369.00 | INTEREST | 3.1% |
| | QLY PAYMENT | $    15,844.64 | No. of Payments | 80 |
| PRESENT VALUE OF QUARTERLY PAYMENTS | | $    963,215.84 | | |

| | PYMT DATE | PAYMENT | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|---|---|---|---|---|---|
| | | | | | 963,215.84 |
| 1 | 01-Jun-16 | 15,844.64 | 0.00 | 15,844.64 | 947,371.20 |
| 2 | 01-Sep-16 | 15,844.64 | 0.00 | 15,844.64 | 931,526.56 |
| 3 | 01-Dec-16 | 15,844.64 | 0.00 | 15,844.64 | 915,681.92 |
| 4 | 01-Mar-17 | 15,844.64 | 0.00 | 15,844.64 | 899,837.28 |
| 5 | 01-Jun-17 | 15,844.64 | 27,894.96 | (12,050.32) | 911,887.60 |
| 6 | 01-Sep-17 | 15,844.64 | 0.00 | 15,844.64 | 896,042.96 |
| 7 | 01-Dec-17 | 15,844.64 | 0.00 | 15,844.64 | 880,198.32 |
| 8 | 01-Mar-18 | 15,844.64 | 0.00 | 15,844.64 | 864,353.68 |
| 9 | 01-Jun-18 | 15,844.64 | 26,794.96 | (10,950.32) | 875,304.00 |
| 10 | 01-Sep-18 | 15,844.64 | 0.00 | 15,844.64 | 859,459.36 |
| 11 | 01-Dec-18 | 15,844.64 | 0.00 | 15,844.64 | 843,614.72 |
| 12 | 01-Mar-19 | 15,844.64 | 0.00 | 15,844.64 | 827,770.08 |
| 13 | 01-Jun-19 | 15,844.64 | 25,660.87 | (9,816.23) | 837,586.31 |
| 14 | 01-Sep-19 | 15,844.64 | 0.00 | 15,844.64 | 821,741.67 |
| 15 | 01-Dec-19 | 15,844.64 | 0.00 | 15,844.64 | 805,897.03 |
| 16 | 01-Mar-20 | 15,844.64 | 0.00 | 15,844.64 | 790,052.39 |
| 17 | 01-Jun-20 | 15,844.64 | 24,491.62 | (8,646.98) | 798,699.38 |
| 18 | 01-Sep-20 | 15,844.64 | 0.00 | 15,844.64 | 782,854.74 |
| 19 | 01-Dec-20 | 15,844.64 | 0.00 | 15,844.64 | 767,010.10 |
| 20 | 01-Mar-21 | 15,844.64 | 0.00 | 15,844.64 | 751,165.46 |
| 21 | 01-Jun-21 | 15,844.64 | 23,286.13 | (7,441.49) | 758,606.95 |
| 22 | 01-Sep-21 | 15,844.64 | 0.00 | 15,844.64 | 742,762.31 |
| 23 | 01-Dec-21 | 15,844.64 | 0.00 | 15,844.64 | 726,917.67 |
| 24 | 01-Mar-22 | 15,844.64 | 0.00 | 15,844.64 | 711,073.03 |
| 25 | 01-Jun-22 | 15,844.64 | 22,043.26 | (6,198.62) | 717,271.65 |
| 26 | 01-Sep-22 | 15,844.64 | 0.00 | 15,844.64 | 701,427.01 |
| 27 | 01-Dec-22 | 15,844.64 | 0.00 | 15,844.64 | 685,582.37 |
| 28 | 01-Mar-23 | 15,844.64 | 0.00 | 15,844.64 | 669,737.73 |
| 29 | 01-Jun-23 | 15,844.64 | 20,761.87 | (4,917.23) | 674,654.96 |
| 30 | 01-Sep-23 | 15,844.64 | 0.00 | 15,844.64 | 658,810.32 |
| 31 | 01-Dec-23 | 15,844.64 | 0.00 | 15,844.64 | 642,965.68 |
| 32 | 01-Mar-24 | 15,844.64 | 0.00 | 15,844.64 | 627,121.04 |
| 33 | 01-Jun-24 | 15,844.64 | 19,440.75 | (3,596.11) | 630,717.15 |
| 34 | 01-Sep-24 | 15,844.64 | 0.00 | 15,844.64 | 614,872.51 |
| 35 | 01-Dec-24 | 15,844.64 | 0.00 | 15,844.64 | 599,027.87 |
| 36 | 01-Mar-25 | 15,844.64 | 0.00 | 15,844.64 | 583,183.23 |
| 37 | 01-Jun-25 | 15,844.64 | 18,078.68 | (2,234.04) | 585,417.27 |
| 38 | 01-Sep-25 | 15,844.64 | 0.00 | 15,844.64 | 569,572.63 |
| 39 | 01-Dec-25 | 15,844.64 | 0.00 | 15,844.64 | 553,727.99 |
| 40 | 01-Mar-26 | 15,844.64 | 0.00 | 15,844.64 | 537,883.35 |

Page 2 of 2

| | PYMT DATE | PAYMENT | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|---|---|---|---|---|---|
| 41 | 01-Jun-26 | 15,844.64 | 16,674.38 | (829.74) | 538,713.10 |
| 42 | 01-Sep-26 | 15,844.64 | 0.00 | 15,844.64 | 522,868.46 |
| 43 | 01-Dec-26 | 15,844.64 | 0.00 | 15,844.64 | 507,023.82 |
| 44 | 01-Mar-27 | 15,844.64 | 0.00 | 15,844.64 | 491,179.18 |
| 45 | 01-Jun-27 | 15,844.64 | 15,226.55 | 618.09 | 490,561.09 |
| 46 | 01-Sep-27 | 15,844.64 | 0.00 | 15,844.64 | 474,716.45 |
| 47 | 01-Dec-27 | 15,844.64 | 0.00 | 15,844.64 | 458,871.81 |
| 48 | 01-Mar-28 | 15,844.64 | 0.00 | 15,844.64 | 443,027.17 |
| 49 | 01-Jun-28 | 15,844.64 | 13,733.84 | 2,110.80 | 440,916.37 |
| 50 | 01-Sep-28 | 15,844.64 | 0.00 | 15,844.64 | 425,071.73 |
| 51 | 01-Dec-28 | 15,844.64 | 0.00 | 15,844.64 | 409,227.09 |
| 52 | 01-Mar-29 | 15,844.64 | 0.00 | 15,844.64 | 393,382.45 |
| 53 | 01-Jun-29 | 15,844.64 | 12,194.86 | 3,649.78 | 389,732.67 |
| 54 | 01-Sep-29 | 15,844.64 | 0.00 | 15,844.64 | 373,888.03 |
| 55 | 01-Dec-29 | 15,844.64 | 0.00 | 15,844.64 | 358,043.39 |
| 56 | 01-Mar-30 | 15,844.64 | 0.00 | 15,844.64 | 342,198.75 |
| 57 | 01-Jun-30 | 15,844.64 | 10,608.16 | 5,236.48 | 336,962.27 |
| 58 | 01-Sep-30 | 15,844.64 | 0.00 | 15,844.64 | 321,117.63 |
| 59 | 01-Dec-30 | 15,844.64 | 0.00 | 15,844.64 | 305,272.99 |
| 60 | 01-Mar-31 | 15,844.64 | 0.00 | 15,844.64 | 289,428.35 |
| 61 | 01-Jun-31 | 15,844.64 | 8,972.28 | 6,872.36 | 282,555.99 |
| 62 | 01-Sep-31 | 15,844.64 | 0.00 | 15,844.64 | 266,711.35 |
| 63 | 01-Dec-31 | 15,844.64 | 0.00 | 15,844.64 | 250,866.71 |
| 64 | 01-Mar-32 | 15,844.64 | 0.00 | 15,844.64 | 235,022.07 |
| 65 | 01-Jun-32 | 15,844.64 | 7,285.68 | 8,558.96 | 226,463.11 |
| 66 | 01-Sep-32 | 15,844.64 | 0.00 | 15,844.64 | 210,618.47 |
| 67 | 01-Dec-32 | 15,844.64 | 0.00 | 15,844.64 | 194,773.83 |
| 68 | 01-Mar-33 | 15,844.64 | 0.00 | 15,844.64 | 178,929.19 |
| 69 | 01-Jun-33 | 15,844.64 | 5,546.81 | 10,297.83 | 168,631.36 |
| 70 | 01-Sep-33 | 15,844.64 | 0.00 | 15,844.64 | 152,786.72 |
| 71 | 01-Dec-33 | 15,844.64 | 0.00 | 15,844.64 | 136,942.08 |
| 72 | 01-Mar-34 | 15,844.64 | 0.00 | 15,844.64 | 121,097.44 |
| 73 | 01-Jun-34 | 15,844.64 | 3,754.02 | 12,090.62 | 109,006.82 |
| 74 | 01-Sep-34 | 15,844.64 | 0.00 | 15,844.64 | 93,162.18 |
| 75 | 01-Dec-34 | 15,844.64 | 0.00 | 15,844.64 | 77,317.54 |
| 76 | 01-Mar-35 | 15,844.64 | 0.00 | 15,844.64 | 61,472.90 |
| 77 | 01-Jun-35 | 15,844.64 | 3,905.66 | 13,938.98 | 47,533.92 |
| 78 | 01-Sep-35 | 15,844.64 | 0.00 | 15,844.64 | 31,689.28 |
| 79 | 01-Dec-35 | 15,844.64 | 0.00 | 15,844.64 | 15,844.64 |
| 80 | 01-Mar-36 | 15,844.64 | 0.00 | 15,844.64 | - |

# EXHIBIT B

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302
Lincoln, RI 02865-1112

Phone: 401.334.4155
Fax: 401.334.5133

June 3, 2016

Mr. Christopher Briguet
Le Perigord Restaurant, Inc.
405 E 52nd Street
New York, NY  10022-6401

RE:  LE PERIGORD RESTAURANT, INC. – ER#530373

Dear Mr. Briguet:

The National Retirement Fund informed you by demand letter of the withdrawal liability incurred by Le Perigord Restaurant, Inc., ER#530373 by virtue of the Multiemployer Pension Plan Amendments Act of 1980.

The Fund has not received the withdrawal liability payments due on June 1st, 2016.  The amount due of $15,844.64 is now accumulating interest on a daily basis until payment is received.

Please be advised that if we do not receive payment within sixty (60) days of receipt of this letter, subject to 29 C.F.R. § 4219.31, Le Perigord Restaurant, Inc. will be in default. If default occurs, Le Perigord Restaurant, Inc. will be liable for payment of the withdrawal liability in full plus interest in accordance with the provisions of the Multiemployer Pension Plan Amendments Act of 1980.

Upon receipt of this check, we will advise you of the interest due.

Very truly yours,


RICHARD N. RUST
Fund Manager

Cc:    Frank Sabatini, Esquire
       David Sapp, Esquire
       Robert V Ferrari, Esquire

RNR/mb
CERTIFIED MAIL/RETURN RECEIPT REQUESTED